UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| SHAWN ROBERTS, LEHONNA WILLIAMS, | CASE NO. C19-6045RBL |
|---|---|
| Plaintiffs, | ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| TUMWATER POLICE DEPARTMENT, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Roberts and Plaintiff Williams ap0plications for leave to proceed in forma pauperis, supported by their proposed complaint [Dkt. #s 1 and 2]. The complaint is very difficult to read or comprehend. There seems to be a suggestion that the plaihntiffs' children have been taken and placed in foster care. Plaintiffs also attach a letter from "Kevin Silverman" that discusses parenting styles and actions that the Tumwater Police have taken against him, which appear to be entirely unrelated to the plaintiffs.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000). Judd appears to have met the indigency component of the in forma pauperis standard.

However, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

The plaintiffs have established their indigency, but their complaint does not meet the standard for in forma pauperis status. They list several defendants, and they broadly claim violations of their fourth and fourteenth amendment rights based on unlawful search and seixure (and violations of due process) but there is no attempt to link any event or defendant to any search; the children are not even mentioned. There is no narrative description of what happened, to whom, when, where or why, how it violated anyone's rights, or who was involved. There is no plausible story and no plausible claim contained in the Plaintiffs' filing.

The Motions for Leave to proceed in forma pauperis are therefore **DENIED**, and the Plaintiffs shall pay the filing fee or file a proposed amended complaint **within 21 days**. Any proposed amended complaint should address and resolve the issues described above. It must set forth the "who what when where and why" of a plausible, viable claim against a defendant over whom this Court has jurisdiction: what did each defendant do, and why is it actionable? If any

proposed amended complaint does not address these issues, the matter will be dismissed without further notice.

      IT IS SO ORDERED.

      Dated this 12th day of November, 2019.

Ronald B. Leighton
United States District Judge